# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL GORDON, JR., | 1:07-cv-01652-LJO-TAG HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION AS UNTIMELY (Doc. 1) |
| v. | |
| HARTLEY, Warden, | ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |
| Respondent. | |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on November 16, 2007. (Doc. 1). The Court has conducted a preliminary review of the petition and has determined that it is untimely and therefore should be dismissed.

## DISCUSSION

A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 325-327, 117 S.Ct. 2059 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997), <u>overruled on other grounds by</u> <u>Lindh v. Murphy</u>, 521 U.S. 320 (holding that the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on November 16, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

///

///

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir. 1997, overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202, 123 S. Ct. 1398 (2003). In such circumstances, the limitations period would begin to run on April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1245-1246 (9th Cir. 2001). A petitioner would then have until April 25, 1997, absent statutory tolling, to file his petition.

Here, Petitioner was charged with a disciplinary violation while in state prison on July 1, 1994, and was found guilty of the violation on July 6, 1994. (Doc. 1, p. 2). His conviction necessarily pre-dated his incarceration and subsequent disciplinary conviction. Thus, once the AEDPA was enacted, the one-year statute would have expired, absent tolling, on April 25, 1997. The instant petition was filed on November 16, 2007, over ten years later. Thus, unless Petitioner is entitled to either equitable or statutory tolling, the petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 S. Ct. 1104

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

(2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); Fail v. Hubbard, 272 F.3d 1133, 1134 (9th Cir.2001).

Here, Petitioner alleges that he filed several state habeas petitions in recent years attempting to obtain review of the 1994 disciplinary decision. The Court's own review of the California court system's electronic database indicates that Petitioner filed a state petition in the California Court of Appeal, Fifth Appellate District ("5th DCA") on December 28, 2004, which was denied on January 13, 2005. He also filed to petitions in the California Supreme Court. The first was filed on March 4, 2005, and denied on August 10, 2005; the second was filed on May 19, 2006 and denied on June 21, 2006. Assuming without deciding that Petitioner would have been entitled to statutory tolling from December 28, 2005 until June 21, 2006, he still waited over a year after that date to file the instant petition. Thus, it would be untimely.

Moreover, Petitioner would not be entitled to statutory tolling for the aforementioned state petitions because the statute of limitations would already have expired over seven years before the first state petition was filed. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the limitations period has already run prior to filing state habeas proceedings); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period.).

Thus, under any scenario, the petition is untimely. Indeed, it seems that the only reason Petitioner is now challenging the 1994 disciplinary hearing is because on July 2, 2003, he was convicted of a subsequent crime and sentenced based on an enhancement pursuant to California

1  Penal Code § 667.5(b), which contains a five-year washout period if the defendant remains free from
2  prison custody or another felony conviction.  (Doc. 1, pp. 15-16).  Because of the 1994 disciplinary
3  conviction, which resulted in a significant loss of good-time credits, Petitioner did not qualify for the
4  washout period on his subsequent conviction and was sentenced to an additional term of
5  imprisonment consecutive to his base term.  (Id.).  Thus, Petitioner did not pursue any remedies
6  regarding his 1994 disciplinary conviction from 1995 until 2004, when suddenly the washout period
7  became relevant to a potential sentence enhancement.

8  That fact, however, provides no basis for excusing an untimely petition.  The AEDPA
9  provides no such exception.  Unless Petitioner is entitled to equitable tolling, the petition must be
10  dismissed.

11       D.  Equitable Tolling.

12  The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
13  prisoner's control" have made it impossible for the petition to be filed on time.  Roy v. Lampert, 465
14  F.3d 964, 969 (9th Cir. 2006)(citing Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d at 1283). "When
15  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely
16  claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d
17  1104, 1107 (9th Cir. 1999)(citations omitted).  A habeas petitioner bears the burden of proving that
18  equitable tolling should apply to avoid dismissal of an untimely petition.  Miranda v. Castro, 292
19  F.3d 1063, 1065 (9th Cir. 2002).

20  Petitioner has made no allegation of entitlement to equitable tolling, and, under the
21  circumstances outlined above, the Court sees no basis on which such an allegation could be made.
22  Thus, the Court will recommend that the petition be dismissed as untimely.

23  <center>RECOMMENDATIONS</center>

24  Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be
25  DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation
26  period.

27  These Findings and Recommendations are submitted to the United States District Judge
28  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304

of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 23, 2008**                                    /s/ Theresa A. Goldner
                                                             UNITED STATES MAGISTRATE JUDGE